# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

| | |
|---|---|
| MADELINE ORTIZ<br><br>    Plaintiff,<br><br>V.<br><br>AMERICAN AIRLINES, INC.,<br><br>    Defendant. | CIVIL ACTION FILE NO. |

## COMPLAINT

Plaintiff Madeline Ortiz, by and through undersigned counsel, The Kirby G. Smith Law Firm, LLC, hereby files this Complaint against Defendant American Airlines, Inc., stating as follows:

### I. JURISDICTION AND VENUE

1. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 over Count I of this Complaint, which arises under the Family and Medical Leave Act, 29 U.S.C. § 2601, et seq. (FMLA).

2. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Count II of this Complaint, which arises out of the same transaction or occurrence as Count I.

3. This Court has personal jurisdiction over the parties because a substantial portion of the employment practices described herein were committed within Mecklenburg County, NC.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

### II. PARTIES

5. Plaintiff is a citizen of the United States and a resident of Mecklenburg County, NC.

6. Defendant is a corporation registered to conduct business in the State of North Carolina.

7. Defendant may be served through its registered agent, CT Corporation System, located at 160 Mine Lake Ct, Ste 200, Raleigh, NC 27615

8. Defendant employed fifty (50) employees or more within 75 miles at all times relevant to this lawsuit.

9. Defendant is subject to the requirements of the FMLA and North Carolina common law.

### III. FACTUAL ALLEGATIONS

10. Plaintiff worked for Defendant as a Lead Ramp Agent based out of Charlotte, NC.

11. In 2014, Plaintiff injured her L4 and L5 vertebrae in a work accident.

12. As a result of Plaintiff's injury, she experiences episodes of severe back pain that substantially limit her ability to walk and stand.

13. In or around November 2018, Plaintiff was approved for intermittent FMLA leave related to her back.

14. In December 2019, Plaintiff traveled to Florida to visit her primary care physician.

15. On or around December 21, 2019, Plaintiff was unable to get out of bed due to severe back pain.

16. Plaintiff informed Defendant that she would need to use FMLA leave for her previously scheduled shift on December 22, 2019.

17. On the morning of December 23, 2019, Plaintiff flew back to North Carolina with the intent of working a shift that afternoon.

18. At the end of the flight, Plaintiff again experienced severe pain in her back.

19. Plaintiff informed Defendant that she needed to use FMLA leave for her back on December 23, 2019.

20. On January 20, 2020, Defendant suspended Plaintiff for allegedly misusing FMLA leave.

21.   On January 27, 2020, Defendant terminated Plaintiff.

## IV.  CLAIMS FOR RELIEF

## COUNT I - FMLA RETALIATION

22.   Plaintiff incorporates by reference paragraphs 1-21 of her Complaint as if fully set forth herein.

23.   Plaintiff engaged in protected activity when she took FMLA leave in December 2019.

24.   Defendant terminated Plaintiff, which constitutes an adverse action.

25.   The temporal proximity between Plaintiff's protected activity and the adverse action is evidence of causation.

## COUNT II - PUBLIC POLICY TERMINATION BASED ON NORTH CAROLINA COMMON LAW (DISABILITY)

26.   Plaintiff incorporates by reference paragraphs 1-21 of her Complaint as if fully set forth herein.

27.   As expressed in N.C. Gen. Stat. § 143-422.2(a), "[i]t is the public policy of this State to protect and safeguard the right and opportunity of all persons to seek, obtain and hold employment without discrimination or abridgement on account of race, religion, color, national origin, age, sex or handicap by employers which regularly employ 15 or more employees.

28.   Plaintiff is disabled as a result of her back condition.

29.   Defendant terminated Plaintiff, which constitutes the adverse action.

30.   The circumstances of Plaintiff's termination serve as evidence that the adverse action was discriminatory on the basis of Plaintiff's back condition.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Honorable Court grant the following relief:

a.   Trial by jury;

b. A finding that Defendant violated Plaintiff's rights as set forth herein;

c. Full back pay plus interest, front pay, compensatory damages, liquidated damages, punitive damages, reasonable attorney fees, and costs in accordance with the FMLA and North Carolina common law; and

d. Any other relief this Court deems proper and just.

Respectfully submitted this 19th day of January, 2022.

/s/Alexander C. Kelly
Alexander C. Kelly
North Carolina Bar No. 49308

*Attorney for Plaintiff*

THE KIRBY G. SMITH LAW FIRM, LLC
111 N. Chestnut St.
Suite 200
Winston-Salem, NC 27101
T: (704) 729-4287
F: (877) 352-6253
ack@kirbygsmith.com

## **JURY DEMAND**

Plaintiff requests a jury trial on all questions of fact raised by this Complaint.

Respectfully submitted this 19th day of January, 2022.

/s/Alexander C. Kelly
Alexander C. Kelly
North Carolina Bar No. 49308

*Attorney for Plaintiff*

THE KIRBY G. SMITH LAW FIRM, LLC
111 N. Chestnut St.
Suite 200
Winston-Salem, NC 27101
T: (704) 729-4287
F: (877) 352-6253
ack@kirbygsmith.com